## ALFRED HOFMANN, Inc., v. TRABULSI et al.

(District Court, E. D. New York. March 10, 1924.)

Sales ⊜⇒378—Counterclaim held to state cause of action.

A counterclaim pleaded by defendant in an action by seller against buyer for breach of contract *held* to state a cause of action for breach of the contract by plaintiff.

At Law. Action by Alfred Hofmann, Inc., against Nesib Trabulsi and others, partners as N., P. & J. Trabulsi. On motion by plaintiff to dismiss counterclaim and to strike out parts of answer. Denied.

Rounds, Schurman & Dwight, of New York City, for plaintiff.
Harold Rogers Lhowe, of New York City, for defendants.

GARVIN, District Judge. A decision was filed herein before the matter was finally submitted. This was due to a misunderstanding, and the matter has now been considered de novo, all papers, including briefs, having been submitted to the court.

This is a motion for an order, under rule 109 of the Rules of Civil Practice, dismissing the counterclaim interposed by the defendants in this action, upon the ground that it does not state facts sufficient to constitute a cause of action against the plaintiff, or, in the alternative, in the event that it be held that the plaintiff is not entitled to said relief, for an order, under rule 102 of the Rules of Civil Practice, compelling the defendants to serve an amended counterclaim, separately stating and setting forth their separate causes of action, and striking out paragraphs XI, XII, and XIII of the answer, upon the ground that these paragraphs are irrelevant, unnecessary, and tend to prejudice and embarrass the fair trial of the action, this relief being asked for under rule 103 of the Rules of Civil Practice, and requiring the defendants

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to make more definite and certain the allegations contained in paragraphs VIII, XIV, and XVII of the answer.

The action is for breach of contract to take and pay for machines alleged to have been sold by plaintiff to defendants under a written contract. Part of the machines have been delivered and payments on account made. Defendants plead a counterclaim and seek an affirmative judgment against plaintiff for $17,780, being $2,780 paid by defendants to plaintiff under a contract of sale of machines by plaintiff to defendants, and $15,000 damages claimed to have been caused by plaintiff's alleged delay in delivery of part of said machines.

The motion to dismiss the counterclaim must be denied. The answer sets up that deliveries were not made in accordance with the terms of the contract, and alleges that plaintiff, in notifying defendants that deliveries would be delayed, made false statements, upon which defendants relied, and as a result of which they accepted late deliveries of a part of the machines. The contract provided:

"The seller agrees to exercise reasonable diligence to have said machinery delivered, four March, four April, 1923, but any delay caused by strikes, breakdowns, fire, floods, delay in transit, or any other cause not within the control of the seller, shall not be deemed or constitute grounds for the cancellation of this contract, nor shall any such delay give purchaser any right of action for damages or otherwise."

Two letters were later exchanged between the parties. Defendants wrote:

"The question of delivery as specified in clause 9 is satisfactory, with the exception that you do not specify any time that would give us the option to cancel. The way the contract reads, you may deliver these machines to us after five years, in case the delay is not under your control. We would remark on this that an option should be given us to cancel, if the machines are not delivered four months after the specified date."

Plaintiff replied:

"It is also satisfactory to us to make the delivery clause definite, so that, in case delivery of the machines should be delayed longer than four months after the delivery time provided for in the contract, you shall have the option to cancel the agreement."

It seems to the court that this sufficiently states a cause of action, without requiring defendants to allege a lack of reasonable diligence, or facts from which such lack may be inferred, as plaintiff claims is necessary. Defendants have definitely and with particularity pleaded nonperformance. This suffices. In view of all the papers now before the court, the original determination, reached before defendants' brief was submitted (and in the belief that defendants had decided not to oppose the motion seriously), with respect to defendants' having two causes of action, seems to be erroneous. It appears to the court to be intended to allege a cause of action for damages for breach of contract, and defendants so maintain in their brief. The matter which plaintiff desires stricken from the answer is a necessary and proper part of defendants' pleading, to establish what they claim to be the facts upon which they base their counterclaim.

For these reasons, the motion is denied, without prejudice to a motion by plaintiff for a bill of particulars of defendants' item of $15,000 damages. Settle order on notice.